1  **BRIAN G. WOLF (BAR NO. 135257)**
   bwolf@lavelysinger.com
2  **DAVID B. JONELIS (BAR NO. 265235)**
   djonelis@lavelysinger.com
3  **LAVELY & SINGER**
   **PROFESSIONAL CORPORATION**
4  2049 Century Park East, Suite 2400
   Los Angeles, California 90067-2906
5  Tel:   (310) 556-3501
   Fax:   (310) 556-3615
6
   Attorneys for Defendant
7  MIRAMAX, LLC

8

9              UNITED STATES DISTRICT COURT

10   CENTRAL DISTRICT OF CALIFORNIA  – WESTERN DIVISION

11

12  DONALD P. BORCHERS,                )   Case No. 17-cv-06263 GW (MRWx)
                                       )
13          Plaintiff,                 )
                                       )   **DEFENDANT MIRAMAX, LLC'S**
14      v.                             )   **ANSWER TO FIRST AMENDED**
                                       )   **COMPLAINT**
15  THE WEINSTEIN COMPANY, LLC )
    d/b/a DIMENSION FILMS;             )
16  MIRAMAX, LLC; THE WALT             )   Complaint Filed: August 24, 2017
    DISNEY COMPANY; and DOES 1         )
17  through 50, inclusive,             )
                                       )
18          Defendants.                )
                                       )   **DEMAND FOR JURY TRIAL**
19                                     )
                                       )
20  _____   )

21

22        Defendant Miramax, LLC ("Miramax") hereby responds to the First

23  Amended Complaint (the "FAC") of Plaintiff Donald P. Borchers ("Plaintiff") as

24  follows.  **This answer is not intended to respond to the various purported legal**

25  **conclusions and citations raised in the FAC which are, in most instances,**

26  **incorrect and/or inapposite.**

27

28

1.    Answering this paragraph, Miramax denies that the rights referred to are divided or held as alleged by Plaintiff.  Miramax further denies that jurisdiction is proper in California state or federal court.  Miramax further denies that the contracts alleged in the FAC place jurisdiction in California state or federal court. This paragraph also consists of legal contentions to which no response is required. However, to the extent a response is required, Miramax denies the legal contentions.

2.    Answering this paragraph, Miramax admits that Plaintiff is seeking declaratory relief.

3.    Answering this paragraph, Miramax denies the allegations.

4.    Answering this paragraph, Miramax lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

5.    Answering this paragraph, Miramax admits that it is a limited liability company licensed to do business in the state of California.

6.    Answering this paragraph, Miramax lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

7.    Answering this paragraph, Miramax lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

8.    Answering this paragraph, Miramax lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

9.    Answering this paragraph, Miramax denies the allegations.

10.    Answering this paragraph, Miramax denies the allegations.

//

//

DEFENDANT MIRAMAX, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

11.     Answering this paragraph, Miramax admits that some of the partial and selective quotations set forth in this paragraph are contained in the hearsay materials attached to Plaintiff's FAC.  Except as so admitted, Miramax denies the allegations contained in this paragraph.

12.     Answering this paragraph, Miramax admits that some of the partial and selective quotations set forth in this paragraph are contained in the hearsay materials attached to Plaintiff's FAC.  Except as so admitted, Miramax denies the allegations contained in this paragraph.

13.     Answering this paragraph, Miramax admits that some of the partial and selective quotations set forth in this paragraph are contained in the hearsay materials attached to Plaintiff's FAC.  Except as so admitted, Miramax denies the allegations contained in this paragraph.

14.     Answering this paragraph, Miramax admits that some of the partial and selective quotations set forth in this paragraph are contained in the hearsay materials attached to Plaintiff's FAC.  Except as so admitted, Miramax denies the allegations contained in this paragraph.

15.     Answering this paragraph, Miramax admits that some of the partial and selective quotations set forth in this paragraph are contained in the hearsay materials attached to Plaintiff's FAC.  Except as so admitted, Miramax denies the allegations contained in this paragraph.

16.     Answering this paragraph, Miramax admits that some of the partial and selective quotations set forth in this paragraph are contained in the hearsay materials attached to Plaintiff's FAC.  Except as so admitted, Miramax denies the allegations contained in this paragraph.

17.     Answering this paragraph, Miramax admits that some of the partial and selective quotations set forth in this paragraph are contained in the hearsay materials attached to Plaintiff's FAC.  Except as so admitted, Miramax denies the allegations contained in this paragraph.

DEFENDANT MIRAMAX, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

18.     Answering this paragraph, Miramax admits that some of the partial and selective quotations set forth in this paragraph are contained in the hearsay materials attached to Plaintiff's FAC.  Except as so admitted, Miramax denies the allegations contained in this paragraph.

19.     Answering this paragraph, Miramax admits that some of the partial and selective quotations set forth in this paragraph are contained in the hearsay materials attached to Plaintiff's FAC.  Except as so admitted, Miramax denies the allegations contained in this paragraph.

20.     Answering this paragraph, Miramax admits that some of the partial and selective quotations set forth in this paragraph are contained in the hearsay materials attached to Plaintiff's FAC.  Except as so admitted, Miramax denies the allegations contained in this paragraph.

21.     Answering this paragraph, Miramax admits that some of the partial and selective quotations set forth in this paragraph are contained in the hearsay materials attached to Plaintiff's FAC.  Except as so admitted, Miramax denies the allegations contained in this paragraph.

22.     Answering this paragraph, Miramax admits that some of the partial and selective quotations set forth in this paragraph are contained in the hearsay materials attached to Plaintiff's Complaint.  Except as so admitted, Miramax denies the allegations contained in this paragraph.

23.     Answering this paragraph, Miramax admits that a work entitled "Children of the Corn" is registered by "Steven King" with the United States Copyright Office as B00000204066 and RE0000921899.

24.     Answering this paragraph, Miramax lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

//

//

DEFENDANT MIRAMAX, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

25.     Answering this paragraph, Miramax lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

26.     Answering this paragraph, Miramax lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

27.     Answering this paragraph, Miramax lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

28.     Answering this paragraph, Miramax denies the allegations, including Plaintiff's mischaracterization of the terms and implications of the 1994 agreement.

29.     Answering this paragraph, Miramax admits that Miramax Film Corp. exercised its rights under the 1994 Agreement to, *inter alia,* produce a sixth sequel and additional sequels of the motion picture "Children of the Corn."

30.     Answering this paragraph, Miramax denies the allegations, including Plaintiff's mischaracterization of the terms and implications of the 2005 agreement.

31.     Answering this paragraph, Miramax admits that Bob Weinsten and Harvey Weinsten left Miramax in 2005. Except as so admitted, Miramax lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and on that basis denies them.

32.     Answering this paragraph, Miramax lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

33.     Answering this paragraph, Miramax lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

//

//

DEFENDANT MIRAMAX, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

34.     Answering this paragraph, Miramax lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

35.     Answering this paragraph, Miramax lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.

36.     Answering this paragraph, Miramax admits that there is a dispute between Plaintiff and Miramax concerning the rights to the motion picture "Children of the Corn."  Except as so admitted, Miramax lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph and on that basis denies them.

37.     Answering this paragraph, Miramax admits that there is a dispute between Plaintiff and Miramax concerning the rights to the motion picture "Children of the Corn."  Except as so admitted, Miramax denies the allegations contained in this paragraph.  This paragraph also consists of legal contentions to which no response is required.  However, to the extent a response is required, Miramax denies the legal contentions.

38.     Answering this paragraph, Miramax lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.  This paragraph also consists of legal contentions to which no response is required. However, to the extent a response is required, Miramax denies the legal contentions.

39.     Answering this paragraph, Miramax lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies them.  This paragraph also consists of legal contentions to which no response is required. However, to the extent a response is required, Miramax denies the legal contentions.

DEFENDANT MIRAMAX, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

1    40.    Answering this paragraph, Miramax denies the allegations.

2    41.    Answering this paragraph, Miramax restates, re-alleges and

3    incorporates herein by reference its responses contained in Paragraphs 1 through 40,

4    inclusive, as if fully set forth herein.

5    42.    Answering this paragraph, Miramax denies the allegations. This

6    paragraph also consists of legal contentions to which no response is required.

7    However, to the extent a response is required, Miramax denies the legal contentions

8    43.    Answering this paragraph, Miramax admits that some of the partial and

9    selective quotations set forth in this paragraph are contained in the hearsay materials

10   attached to Plaintiff's FAC. Except as so admitted, Miramax denies the allegations

11   contained in this paragraph, including Plaintiff's mischaracterization of the terms

12   and implications of the relevant agreements.  This paragraph also consists of legal

13   contentions to which no response is required. However, to the extent a response is

14   required, Miramax denies the legal contentions.

15   44.    Answering this paragraph, Miramax admits that on November 22,

16   2017, as part of its initial disclosures in this action, it advised Plaintiff's counsel that

17   pursuant to the 1994 Agreement, (1) Miramax Film Corp. had obtained from Park

18   Avenue Entertainment a grant of the rights to produce "all future remakes or sequels"

19   of the motion picture "Children of the Corn," as well as "any other allied or ancillary

20   [rights] with respect thereto," and (2) the phrase "any other allied or ancillary" rights

21   was intended to capture any and all remaining rights of Park Avenue Entertainment,

22   including without limitation "spinoff" rights, to the extent that those rights were not

23   intended to be included in "remake and sequel" rights and otherwise had been

24   previously retained by Park Avenue Entertainment.  Except as so admitted, Miramax

25   denies the allegations contained in this paragraph.

26   //

27   //

28   //

45.     Answering this paragraph, Miramax denies the allegations. This paragraph also consists of legal contentions to which no response is required. However, to the extent a response is required, Miramax denies the legal contentions.

46.     Answering this paragraph, Miramax admits that Plaintiff has alleged two causes of action in the FAC.  Except as so admitted, Miramax denies the allegations contained in this paragraph.

47.     Answering this paragraph, Miramax denies the allegations. This paragraph also consists of legal contentions to which no response is required. However, to the extent a response is required, Miramax denies the legal contentions.

48.     Answering this paragraph, Miramax restates, re-alleges and incorporates herein by reference its responses contained in Paragraphs 1 through 47, inclusive, as if fully set forth herein.

49.     Answering this paragraph, Miramax denies the allegations, including Plaintiff's mischaracterization of the terms and implications of the 1994 agreement.

50.     Answering this paragraph, Miramax admits that some of the partial and selective quotations set forth in this paragraph are contained in the hearsay materials attached to Plaintiff's FAC. Except as so admitted, Miramax denies the allegations contained in this paragraph, including Plaintiff's mischaracterization of the terms and implications of the 1994 agreement.

51.     Answering this paragraph, Miramax admits that there is a dispute between Plaintiff and Miramax concerning the rights to the motion picture "Children of the Corn."  Except as so admitted, Miramax denies the allegations contained in this paragraph.

//

//

//

52.    Answering this paragraph, Miramax denies the allegations. This paragraph also consists of legal contentions to which no response is required. However, to the extent a response is required, Miramax denies the legal contentions.

53.    Answering this paragraph, Miramax admits that Plaintiff has alleged two causes of action in the FAC.   Except as so admitted, Miramax denies the allegations contained in this paragraph.

54.    Answering this paragraph, Miramax denies the allegations. This paragraph also consists of legal contentions to which no response is required. However, to the extent a response is required, Miramax denies the legal contentions.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Plaintiff, and expressly denying any and all wrongdoing, Miramax alleges the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

1.    Plaintiff's claims are barred by the applicable statutes of limitations, including without limitation 17 U.S.C. § 507(b) and California Code of Civil Procedure §§ 337 and 338.

## SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

2.    Plaintiff's claims are barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

3.     Plaintiff's claims are barred by the doctrine of unclean hands in that Plaintiff's own actions have caused the alleged harm incurred, if any.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

4.     If Plaintiff has suffered any injury or harm, which Miramax expressly denies, Plaintiff's recovery is barred by his failure to mitigate, reduce or otherwise avoid his damages or injuries.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

5.     Plaintiff's claims are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6.     Plaintiff has been guilty of unreasonable and inequitable delay, after having acquired knowledge of the alleged facts upon which he bases his claims for relief, and in pursuing said claims, and accordingly, his claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Consent)

7.     Plaintiff is barred, in whole or in part, from maintaining his alleged claims under the doctrine of consent.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

8.     Any award to Plaintiff in this action would constitute unjust enrichment.

## NINTH AFFIRMATIVE DEFENSE

### (Void Contract)

9.     Plaintiff's claims are barred because the alleged agreements between Plaintiff and third parties are void or voidable due to fraud, lack of consideration, and/or violation of public policy.

## TENTH AFFIRMATIVE DEFENSE

### (Intent of the Parties)

10.    Plaintiff's claims are inconsistent with the actual intent and understanding of the parties to the agreements alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Industry Custom and Practice)

11.    Plaintiff's claims are inconsistent with custom and practice in the entertainment industry.

## TWELFTH AFFIRMATIVE DEFENSE

### (Right to Assert Additional Defenses)

12.    Miramax presently has insufficient knowledge or information on which to form a belief as to whether there are additional, as yet unstated affirmatives defenses.  Thus, subject to discovery in this action, Miramax expressly reserves its right to assert additional affirmative defenses.

DEFENDANT MIRAMAX, LLC'S ANSWER TO FIRST AMENDED COMPLAINT

1    WHEREFORE, Miramax prays for relief as follows:

2    1.    That the FAC be dismissed with prejudice in its entirety;

3    2.    That Plaintiff take nothing by his FAC and that judgment be entered

4    against Plaintiff in favor of Miramax;

5    3.    That Miramax be awarded all its costs and any recoverable attorney's

6    fees incurred in defending against the FAC; and

7    4.    That Miramax be granted such other and further relief as this Court

8    may deem just and proper.

9

10   DATED: January 9, 2018          BRIAN G. WOLF
                                     DAVID B. JONELIS
11                                   LAVELY & SINGER PC

12                                   By: _____/s/_____
13                                          BRIAN G. WOLF
                                     Attorneys for Defendant MIRAMAX, LLC

1

## **REQUEST FOR JURY TRIAL**

2          Defendant Miramax, LLC hereby demands a jury trial pursuant to Rule 38

3   of the Federal Rules of Civil Procedure.

4

5   DATED: January 9, 2018                    BRIAN G. WOLF
                                              DAVID B. JONELIS
6                                             LAVELY & SINGER PC

7                                             By: _____/s/_____

8                                                  BRIAN G. WOLF
                                              Attorneys for Defendant MIRAMAX, LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT MIRAMAX, LLC'S ANSWER TO FIRST AMENDED COMPLAINT